UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MEDKESSEWORK ABAYNEH, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Cause No.: 2:10-CV-415 RLM-RBC |
| | ) | |
| GREGORY D. ZUELCH, | ) | |
| MARTEN TRANSPORT, LTD, and | ) | |
| MARTEN TRANSPORTATION, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

This matter comes before the court on the plaintiff's Rule 12(f) motion to strike the defendants' first, second, third, seventh, eighth, and tenth affirmative defenses. The defendants' response concedes that the first, second, and third affirmative defenses raised are improper. For the reasons stated below, the court will grant the plaintiff's motion to strike.

In sum, Ms. Abayneh alleges that Gregory Zuelch was driving a truck when he hit from behind the car in which she was a passenger. This happened in a construction zone on I-65 in Lake County, Indiana. Ms. Abayneh says she suffered extensive injuries and says that Mr. Zuelch was traveling too fast and was talking on a cell phone when the accident occurred.

The defendants' seventh affirmative defense asks the court to strike Ms. Abayneh's prayer for punitive damages and asks for judgment to be entered in the defendants' favor on the punitive damages issue because, they say, the prayer for

punitive damages is unsupported by clear and convincing evidence. The defendants' eighth affirmative defense asks the court for the same relief because, they say, the allegations for punitive damages will call upon the jury to enter into speculation, violating the Indiana and Federal Constitutions. The defendants' tenth affirmative defense attempts to reserve all rights to raise additional affirmative defenses that develop during the course of discovery or by a change in law.

Federal Rule of Civil Procedure 12(f) gives a court discretion to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Parties must be careful to plead affirmative defenses because not pleading affirmative defenses results in waiver of that defense if the other party is prejudiced as a result. Schmidt v. Eagle Waste & Recylcing, Inc., 599 F.3d 626, 632 (7th Cir. 2010). The purpose of Rule 8(c) is "to give [the] plaintiff adequate notice prior to trial of the defenses that the defendant intends to assert." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 235 (7th Cir. 1991). "Under federal law, affirmative defenses generally admit the matters in a complaint but nevertheless assert facts that would defeat recovery." Amelio v. Yazoo Mfg. Co., 98 F.R.D. 691, 693 (D.C. Ill. 1983); *see also* Sundstrand Corp. v. Standard Kollsman Indus., Inc., 488 F.2d 807, 813 (7th Cir. 1973) ("[A] defendant need plead affirmatively only those defenses upon which he bears the burden of proof.").

Motions to strike are disfavored because they may be merely a tactic to delay litigation. Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286,

1294 (7th Cir. 1989). But a motion that seeks to remove unnecessary clutter serves not to delay, but rather to expedite. Id.

The defendants' seventh and eighth affirmative defenses don't assert any affirmative facts that would defeat Ms. Abayneh's recovery even if the allegations in the complaint are true. Instead, the seventh and eighth affirmative defenses present arguments that should be raised in separate motions and after there is some basis in this case upon which to actually decide those motions. Nothing would be waived by not claiming at this time that the evidence is insufficient to allow punitive damages. Ms. Abayneh's motion could be perceived as an improper delay tactic because of simple no-harm / no-foul principles. But, the court will strike the seventh and eighth affirmative defenses because they bury improperly raised motions for relief without actually raising affirmative defenses.

The defendants' tenth affirmative defense not only doesn't assert any affirmative facts that would defeat Ms. Abayneh's recovery but also doesn't assert anything at all. The Magistrate Judge has set a deadline of August 31, 2011 for the parties to seek leave to amend their pleadings, and the defendants can't get around that deadline by reserving all rights to raise any affirmative defense at any time they deem it convenient.

Accordingly, the court GRANTS the plaintiff's motion to strike affirmative defenses [Doc. No. 12]. It is ORDERED that the defendants' first, second, third, seventh, eighth, and tenth affirmative defenses are hereby stricken.

SO ORDERED.

ENTERED: February 14, 2011

/s/ Robert L. Miller, Jr.
Judge
United States District Court